KIMBALL, J.,
additionally concurring in the denial of rehearing.
hThe circumstances of the allegations involved in these cases indeed make it appropriate for the appellate court and this court to ensure that the perception as well as the reality of appellate review take place as the constitutional scheme would have it occur (i.e., clearly reviewed by an appellate panel of three judges). Many of these cases have, in fact, originally been reviewed and have had opinions written by the courts of appeal and by the seven justices of this court on original appellate review, in addition to having been reviewed on post conviction by the seven justices of this court in earlier proceedings, notwithstanding the review or lack thereof that occurred precedent to ours.
Nonetheless, creating a new process of appellate review even now is the correct lathing to do in this rare instance. However, in my view, it is not appropriate under these circumstances to add this number of cases to those dockets of the other courts of appeal nor is it proper to expend approximately $200,000 of the public’s money to hire retired judges and staff to perform this review. Rather, the court’s process of referring these cases to judges at the same circuit (but not on the original panels accused of failing to perform adequate reviews) to perform a review that then has the potential of further review by the justices of this court is both appropriate and responsible.
This re-hearing application, in my view, attempts to suggest that this court should base its decision not on evidence in any record, but rather on allegations in a suicide note which in itself suggests the depression of the writer who, if believed, had been fired by the very court which he accuses of misconduct. Moreover, we need not consider a police report which has been neither substantiated nor admitted into evidence in these or any other matters. While this may be the fodder of news reports and movies, it is not, in my view, proper evidence for judicial action.